IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL M. MAIAHY,            )
                             )
            Plaintiff,        )
                             )
vs.                          )        NO. CIV-03-1685-HE
                             )
TARGET CORPORATION,          )
                             )
            Defendant.        )

## ORDER

On March 7, 2003, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that he had been unfairly disciplined by his employer, defendant Target Corporation, because of his age and national origin.  He stated in the charge that he believed that he and "other older and minority employees" had been and continued to be "'set up' and scheduled for termination in order to secure younger and non-minority employees."  After receiving a right to sue notice from the EEOC, plaintiff filed this action on December 9, 2003.  Pursuant to the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 (Title VII), plaintiff raised allegations of age and national origin discrimination and harassment related to disciplinary action taken against him by Target.  On February 6, 2004, Target terminated plaintiff's employment.  Plaintiff did not file a new EEOC charge after his termination.  However, he amended his complaint in this matter to add claims of wrongful termination and retaliation.  Plaintiff now seeks to amend his complaint a second time in

order to add class allegations of a pattern and practice of age discrimination[1] and to join

numerous members of the alleged class as plaintiffs. [Doc. Nos. 31, 34, 128 and 158].[2] In

addition, plaintiff moves the court to certify a nationwide class and grant permission to issue

notice to the class. [Doc. #183]. Defendant has responded in opposition to the motions,

arguing amendment and joinder are improper based on plaintiff's inadequate EEOC filing

and the lack of similarity between plaintiff and the proposed plaintiffs. Defendant also

objects to the certification of a nationwide class and has moved to decertify an alleged

"defacto" class. [Doc. #193].[3]

   In order for this court to have jurisdiction over plaintiff's claims, both individual and

class, he must have exhausted his administrative remedies before the EEOC. Shikles v.

Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005) ("[A] plaintiff's exhaustion

of his or her administrative remedies is a jurisdictional prerequisite to suit under the

ADEA."); Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996) ("Exhaustion of

administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII.").[4] In order

---

[1] *"Class actions under the ADEA are authorized by 29 U.S.C. § 626(b), which expressly borrows the opt-in class action mechanism of the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b) . . . ."* Thiessen v. Gen. Elec. Capital Corp., *267 F.3d 1095, 1102 (10th Cir. 2001).*

[2] *In these four motions, plaintiff seeks to join a total of 55 plaintiffs, all of whom allege they were either wrongfully terminated or constructively discharged by Target.*

[3] *This case has been in an extended period of discovery on the "similarly situated" issue pursuant to an order entered by Judge Tim Leonard on January 27, 2005. [Doc. #121]. The case was transferred to the undersigned on August 21, 2006. [Doc. #221].*

[4] *Although plaintiff's counsel has indicated an intent to dismiss plaintiff's claims arising under Title VII, no such dismissal has been filed.*

2

for a claim to be properly exhausted, the charge filed must be "'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1195 (10th Cir. 2004) (quoting 29 C.F.R. § 1601.12(b)) (emphasis deleted). See Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003) ("requiring exhaustion of administrative remedies serves to put an employer on notice of a violation prior to the commencement of judicial proceedings" and facilitates "internal resolution of the issue rather than promoting costly and time-consuming litigation"). Generally, the claims raised by a plaintiff in federal court are "limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." Mackenzie v. City and County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005).

Discrete acts of discrimination, such as termination and retaliation, must be independently exhausted, even if such acts were alleged to have been part of "a company-wide or systemic policy." Davidson v. Am. Online, Inc., 337 F.3d 1179, 1185-86 (10th Cir. 2003). See Martinez, 347 F.3d at 1211 (noting that the rule in Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), requires exhaustion of administrative remedies "for each individual discriminatory or retaliatory act"). In this case, plaintiff did not independently exhaust his termination or retaliation claims. In fact, the only EEOC charge filed by plaintiff, which pertained to unfair discipline, was processed and closed long before plaintiff was terminated.[5] Under these circumstances, plaintiff was obligated to file an additional charge

---

[5]*The parties indicate that the EEOC issued a "right to sue" letter to plaintiff in September of 2003.*

with the EEOC in order to properly exhaust the unlawful termination and retaliation claims he now seeks to assert.  See, e.g., Martinez, 347 F.3d at 1210-11 (rule barring plaintiff from suing on claims for which no administrative remedy had been sought applied equally to discrete acts occurring after the filing of an EEOC complaint).  See also Marshall v. Fed. Express Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997) (plaintiff's foreshadowing of impending discharge inadequate to constitute a request that the EEOC investigate such future discharge as a distinct act of discrimination).  Because he did not do so, the court lacks jurisdiction over plaintiff's wrongful termination and retaliation claims.

Plaintiff argues that he was not required to exhaust any claims arising after his EEOC charge was filed because he is alleging a class-wide "pattern and practice" of age discrimination.  However, even construing plaintiff's EEOC charge in a liberal fashion,[6] the court concludes it was insufficient to place the defendant on notice of a class-wide or collective action.  See, e.g., Thiessen, 267 F.3d at 1110 (EEOC and company must be aware of nature and scope of allegations).[7]  While plaintiff alleged that the defendant was setting up older employees, he did not indicate that the charge was being brought on behalf of a class

---

[6]*See Foster, 365 F.3d at 1195 (instructing that charges of age discrimination made with the EEOC should liberally construed).*

[7]*Plaintiff references an internal EEOC document which indicated that plaintiff's charge might be treated as a class claim.  However, there is no further evidence that the charge was in fact treated as a class claim during the administrative proceedings or that either the EEOC or the defendant approached it in that fashion.*

of employees or of others similarly situated or that he sought more than individual relief.[8]
While specific or explicit language need not be utilized in order to adequately provide notice
of a class action, the charge must nevertheless be "sufficiently precise" to identify someone
other than the individual plaintiff as the party complaining about an alleged policy of
discrimination.  See, e.g., Foster, 365 F.3d at 1195-96 (holding that the charges filed by the
plaintiffs sufficiently identified the "people complaining").  Plaintiff's charge failed to do so.[9]
As a result, the court lacks jurisdiction to entertain class allegations based on plaintiff's
EEOC charge.

        As the court lacks jurisdiction to consider the proffered additional claims, plaintiff's
motion to amend his complaint is **DENIED**.  In addition, plaintiff's motions to join and to
certify a class are also **DENIED** given that the proposed plaintiffs cannot "piggyback" their
claims under the single-filing rule[10] and plaintiff is not a proper class representative.
Defendant's motions to decertify a class and strike various parties from the plaintiff's
motions to join [Doc. Nos. 124, 172, 175, 183 and 188] are **DENIED** as moot.

        Plaintiff has come forward here with significant evidence tending to support his

---

        [8]*Although the charge refers to what plaintiff believes about Target's practices as to hiring,
the portions identifying his specific complaints refer only to him, e.g., "I have been unfairly
disciplined . . ." and "I believe that I have been discriminated against . . . ."*

        [9]*The fact that neither the complaint nor the amended complaint included class allegations
further supports the court's conclusion that plaintiff's EEOC filing was not intended to trigger, and
could not be reasonably interpreted as triggering, class claims.*

        [10]*The single-filing rule allows parties who have not filed an EEOC charge to piggyback on
another plaintiff's EEOC charge when an employer is "already on notice" that other plaintiffs may
file discrimination claims.  Foster, 365 F.3d at 1197.*

allegations of age discrimination and, particularly as to those persons whose claims depend on piggybacking on plaintiff's EEOC charge, it is unfortunate that a resolution of all the claims of plaintiff and others may not be possible.  Nonetheless, that circumstance does not expand the court's jurisdiction.  Of course, the court's decision does not entirely dispose of plaintiff's case as he has properly exhausted his unfair discipline claims against the defendant.  In addition, those proposed plaintiffs who have filed individual lawsuits, some of which allege class allegations, may proceed forward in those cases, with the possibility that other parties may be allowed to join and/or piggyback on their claims if otherwise appropriate.

**IT IS SO ORDERED**.

Dated this 28th day of September, 2006.

JOE HEATON
UNITED STATES DISTRICT JUDGE