**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHAEL M. MAIAHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.   CIV-03-1685-HE |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

In his original complaint, filed on December 9, 2003, plaintiff asserted claims for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. After defendant terminated him, plaintiff filed an amended complaint seeking damages for wrongful termination and retaliation. Thereafter, plaintiff sought leave to amend his complaint a second time to add class allegations of a pattern and practice of age discrimination and to join numerous members of the purported class as plaintiffs. The court denied that request in an order issued September 28, 2006. Maiahy v. Target Corp., Case No. CIV-03-1685-HE, order at 5 (W.D. Okla. Sept. 28, 2006) [Doc. #222]. On October 3, 2007, the court denied plaintiff's motion to amend his complaint to assert a claim for wrongful termination in violation of the Oklahoma Anti-Discrimination Act. Maiahy v. Target Corp., Case No. CIV-03-1685-HE, order at 3 (W.D. Okla. Oct. 3, 2007) [Doc. #240]. The court reasoned that plaintiff's age and national origin claims were solely status-based and therefore not cognizable under Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989), given that federal law

provided adequate remedies.  <u>Maiahy</u>, order at 2 [Doc. #240].  In addition, the court noted that

> although Plaintiff's Amended Complaint alleged a retaliation claim pursuant to Title VII, the court held it does not have jurisdiction over that claim due to plaintiff's failure to exhaust his administrative remedies.  <u>Maiahy</u>, order at 3-4 [Doc. No. 222].  Likewise, the court found it did not have jurisdiction over plaintiff's termination claim due to plaintiff's failure to exhaust.  <u>Id.</u>  That failure also precludes reliance on *Burk* for relief.  *See* <u>Atkinson v. Halliburton Co.</u>, 905 P.2d 722, 777 (Okla. 1995) (plaintiff must exhaust administrative remedies before filing *Burk* claim).  The court is thus left with solely status-based claims.  As a result, amendment of the complaint to assert a *Burk* claim would be futile.

<u>Maiahy</u>, order at 2-3 [Doc. #240].

This matter is now before the court on plaintiff's motion to reconsider that decision in light of the Oklahoma Supreme Court's recent pronouncement in <u>Kruchowski v. Weyerhaeuser Co.</u>, ___ P.3d ___, 2008 WL 523849 (Okla. Dec. 16, 2008).  In <u>Kruchowski</u>, the Oklahoma Supreme Court clarified that a plaintiff may pursue a state law wrongful discharge claim based on alleged age discrimination "when the available remedies to the same class of employment discrimination victims are not uniform and evenhanded – regardless of whether the remedies originate under Federal or State law." <u>Id.</u> at *7.  In reaching this conclusion, the Court specifically overruled the adequacy-of-remedy rationale upon which this court relied in its October 3, 2007 order.  *See* <u>Kruchowski</u>, at *8.  Nothing in <u>Kruchowski</u>, however, overruled the requirement that a plaintiff must exhaust his administrative remedies before filing a *Burk* claim.  Indeed, the rationale of <u>Kruchowski</u>

tends to support this requirement.  Otherwise, victims of age, race, or gender discrimination who did not exhaust their administrative remedies would have a remedy that is unavailable to a victim of disability discrimination who likewise did not exhaust.  See Atkinson v. Halliburton Co., 905 P.2d 772, 773 (Okla. 1995); Shackelford v. Oklahoma Dep't of Corrections, 182 P.3d 167, 168 (Okla. App. 2007) ("a prerequisite to filing a tort claim alleging discharge from employment in violation of Oklahoma's public policy against handicap discrimination is exhaustion of the procedural requirements of the Act.  It is a long established doctrine in Oklahoma that exhaustion of statutory remedies is a *jurisdictional* prerequisite for resort to the courts.") (emphasis in original).  Allowing one class of discrimination plaintiffs to sue without exhausting administrative remedies[1] "'would create a dichotomous division of discrimination remedies contrary to Art. 5 § 46 of the Oklahoma Constitution.'" Kruchowski, 2008 WL 5238495 at *2 (*quoting* Tate v. Browning Ferris, Inc., 833 P.2d 1218, 1229 (Okla. 1992)).

In sum, the court continues to hold that plaintiffs asserting public policy discharge claims must first exhaust their administrative remedies.  As plaintiff did not do so with respect to his discharge, amending his complaint to assert a *Burk* claim would be futile.  See Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993).  Plaintiff's Motion to Reconsider [Doc. #252] is therefore **DENIED**.

---

[1]*The Oklahoma Anti-Discrimination Act requires an individual who asserts any claim of discrimination to file a charge of discrimination with the Oklahoma Human Rights Commission. 25 O.S. § 1502(A).  Contrary to plaintiff's assertion, this requirement is not optional.  See Atkinson, 905 P.2d at 776.*

3

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2009.

JOE HEATON
UNITED STATES DISTRICT JUDGE