# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHAEL M. MAIAHY,                )
                                  )
           Plaintiff,             )
v.                                )     NO. CIV-03-1685-HE
                                  )
TARGET CORPORATION,               )
                                  )
           Defendant.             )

## ORDER

In this action, plaintiff Michael M. Maiahy alleges he was unfairly disciplined and subjected to a hostile work environment by his former employer, Target Corporation, in violation of the Age Discrimination in Employment Act ("ADEA").[1] This matter is before the court on defendant's motion for summary judgment. Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for

---

[1] Plaintiff originally also asserted claims under Title VII of the Civil Rights Act of 1964, as amended, for national origin discrimination and retaliation. On January 14, 2004, plaintiff's counsel announced he would no longer be pursuing his national origin claim. Exhibit 67 to Plaintiff's Response to Defendant Target Corporation's Motion for Summary Judgment at 30 [Doc. #296] (hereinafter cited as "Plaintiff's Response"). While no dismissal of that claim has been filed to date, the court nonetheless deems the national origin claim to have been withdrawn. Plaintiff's retaliation claim was dismissed by the court in September 2006 based on plaintiff's failure to exhaust that claim. Order at 4 [Doc. #222].

summary judgment may not simply allege that there are disputed issues of fact; rather, the party must "set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Mere conclusory allegations, without evidentiary support, do not create a genuine issue of fact. L&M Enters., Inc. v. BEI Sensors & Sys. Co., 231 F.3d 1284, 1287 (10th Cir. 2000). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court, however, may not make determinations of credibility nor weigh evidence, and must disregard all evidence favorable to the movant that the trier of fact would not be required to believe. Gossett v. Oklahoma, 245 F.3d 1172, 1175 (10th Cir. 2001).

The background facts as to plaintiff's employment are undisputed. Plaintiff began his employment with Target on December 12, 1988, when he was 27 years old. From May 1, 1997 until his discharge on February 6, 2004, plaintiff worked at Target store T-43 in Oklahoma City as Executive Team Leader ("ETL") for Hardlines. In this position, he was responsible for overseeing all sales floor merchandise except clothing, baby items, cosmetics,

2

and accessories. Plaintiff's immediate supervisor was the store's general manager known as the Store Team Leader ("STL"). During plaintiff's tenure, he was supervised by Pat Burns from 1996 to July 2002, Bill Veitenheimer from July 2002 until September 2003, and Mitch Cook from September 2003 until plaintiff's employment ended. Burns is five years older than plaintiff, while Veitenheimer and Cook are, respectively, ten years and twelve years younger than plaintiff. The various STLs were supervised, in turn, by the District Team Leader ("DTL") for District 301. During the period at issue in this case, the DTLs of District 301 were Ken Liberton from 1998 to October 2001 and Brad Busby from November 2001 until September 2003. Pursuant to Target's organizational scheme, the District 301 STLs reported to the Director of Group 391, who was Carmen Moch from late 1999 until March 2003.

The circumstances surrounding plaintiff's termination are disputed. However, viewing the parties' submissions in the light most favorable to plaintiff, the evidence indicates that, in the fall of 2000, plaintiff received his mid-year performance review. The review reflected that his performance was satisfactory. Exhibit 1-3 to Defendant Target Corporation's Motion for Summary Judgment at 6 [Doc. #284] (hereinafter cited as "Defendant's Motion"). Six months later, plaintiff scored in the satisfactory-plus range on his annual performance review for fiscal year 2000 and received a merit increase. Exhibit 1-4 to Defendant's Motion. The deposition testimony of DTL Liberton is that, between March 2001 and September 2001, he was told by Carmen Moch "to terminate for age, wage and appearance. I would call it appearance, and to be more specific, people who were a little

3

older, grey hair. I frequently had the – the term 'grey hair' brought up over and over and over again". Exhibit 4 to Defendant's Motion at 33; *see also* id. at 113. According to Liberton, Moch specifically told him to terminate plaintiff.[2] Id. at 114-15. Liberton also asserts that in September 2001, Moch asked him

> why I hadn't moved on the grey-haired employees at – within the district; that I had to get rid of older people, . . . and I needed to put them on the list; that I needed to replace them with bright eyes. They were cheaper. Performance didn't matter; turn them in or be turned in myself.

Id. at 35-6. STL Burns testified he was told by his supervisors to lower plaintiff's review scores and that plaintiff's name was placed on an "upgrade" list in 2001. Exhibit 2 to Defendant's Motion at 44, 49-50. When Busby became the DTL in November 2001, he told Burns to "start the process" on plaintiff. Id. at 56-7. Burns understood that starting the process meant initiating Target's progressive discipline policy, which consisted of oral counseling, followed by at least two written counselings spaced 30 days apart, and a final written warning, all of which would lead to an employee's termination from employment. Id. at 55. Thereafter, plaintiff received a lower score of satisfactory on his annual review for fiscal year 2001. Exhibit 1-6 to Defendant's Motion. Burns testified it was necessary to reduce plaintiff's review scores to justify the progressive discipline. Exhibit 2 to Defendant's

---

[2]*The court recognizes that Moch disputes making these statements. See Exhibit 5 to Defendant's Motion at 107-9. Nonetheless, as the court's recitation of the facts must be in the light most favorable to plaintiff, the court accepts plaintiff's version for purposes of ruling on the motion for summary judgment. See <u>Medlock v. United Parcel Serv., Inc.</u>, slip op. at 20 (10th Cir. June 22, 2010); <u>Sanders v. Southwestern Bell Tel., L.P.</u>, 544 F.3d 1101, 1105-06 (10th Cir. 2008), cert. denied, 130 S. Ct. 69 (2009).*

Motion at 57. In June 2002, plaintiff received a written counseling for unsatisfactory work performance. Exhibit 1-7 to Defendant's Motion. The counseling warned plaintiff that "[i]f the problem described above is repeated or not resolved to the company's satisfaction . . . further corrective action will be taken, up to and including discharge." Id. at 2. On January 23, 2003, plaintiff was rated as not meeting expectations on his 2002 mid-year review. Exhibit 1-8 to Defendant's Motion. That same date, he was issued a second written counseling. Exhibit 1-9 to Defendant's Motion. On January 27, 2003, plaintiff was issued a written warning, which once again warned him he was subject to discharge if his deficient performance did not improve. Exhibit 1-10 to Defendant's Motion. Approximately a week later, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Exhibit 1-11 to Defendant's Motion. In the EEOC charge, plaintiff complained he had been unfairly disciplined by Target and believed that he might "be dismissed in the near future." Id. Thereafter, plaintiff was issued his annual review for 2002, on which he received an overall score of 55 or unsatisfactory. Exhibit 6-1 to Defendant's Motion. On October 27, 2003, plaintiff received a Final Written Warning for unsatisfactory performance,[3] and on February 7, 2004, was discharged from employment.

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age" or to "deprive any individual of employment opportunities or

---

[3] Exhibit 1-15 to Defendant's Motion.

otherwise adversely affect his status as an employee, because of such individual's age". 29 U.S.C. § 623(a)(1)-(2). To survive summary judgment, plaintiff must present sufficient evidence to raise a triable issue of fact as to whether "age was the 'but-for' cause of the challenged adverse employment action." Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2345 (2009). Defendant contends plaintiff cannot prevail because (1) he failed to exhaust his hostile work environment claim; (2) incidents of alleged unfair discipline that occurred prior to May 13, 2002 are time-barred; (3) those disciplinary incidents that are not time-barred do not constitute adverse employment actions; and (4) plaintiff cannot otherwise establish a *prima facie* case of discrimination under the *McDonnell Douglas*[4] burden-shifting analysis.

The court concurs with defendant's assessment that plaintiff did not exhaust his hostile work environment claim. Exhaustion of administrative remedies is a jurisdictional prerequisite to filing an action under the ADEA. Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1306 (10th Cir. 2005). In determining whether a claim has been exhausted, the court examines "the scope of the allegations raised in the EEOC charge because '[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.'" Jones v. United Parcel Serv., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007) (citation omitted). Although the EEOC charge is liberally construed, the court may

---

[4]*McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).*

6

not supply language that does not exist; rather, in order to conclude that exhaustion has occurred, the court must find that the charge contains facts supporting the claim in question. Id. Having reviewed plaintiff's charge, the court concludes he did not assert a claim for hostile work environment before the EEOC. *See* Exhibit 1-11 to Defendant's Motion. Nothing in that charge hints that plaintiff was complaining about a "workplace . . . permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Hall v. United States Dep't of Labor, Admin. Review Bd., 476 F.3d 847, 851 (10th Cir.), *cert. denied*, 552 U.S. 993 (2007) (quotation omitted). Rather, the charge refers only to unfair disciplinary actions taken against plaintiff allegedly based on his age and national origin. The hostile work environment claim must, therefore, be dismissed for lack of jurisdiction.

In his response, plaintiff concedes that only "discrete acts which occurred between May 13, 2002 (300 days prior to the date Maiahy filed his Charge) and March 7, 2003 (the day Maiahy filed his Charge) are deemed timely filed for exhaustion purposes under the ADEA." Plaintiff's Response at 26. Acts that occurred prior to May 13, 2002, however, may be used as background evidence to support his timely filed claims. Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). Likewise, acts occurring after the filing of an EEOC charge – although unexhausted for claims purposes – may be relevant evidence of the employer's motivation for the timely filed claims. Id. The court therefore concurs with defendant that discrete acts of alleged discrimination that occurred outside the relevant time

7

period cannot form the basis of plaintiff's ADEA disparate treatment claim. Nonetheless, such evidence may be relevant at trial.

The court, however, does not concur with defendant's remaining arguments. The court finds plaintiff has proffered sufficient evidence to present a justiciable question as to his unfair discipline claim under the ADEA. First, the court finds plaintiff presented sufficient evidence to demonstrate that the January 23, 2003 unsatisfactory review, the written counselings, and the January 27, 2003 written warning affected plaintiff's job status and therefore constitute adverse employment actions. *See* Sanchez v. Denver Pub. Schs., 164 F.3d 527, 533 (10th Cir. 1998); Roberts v. Roadway Express, Inc., 149 F.3d 1098, 1104 (10th Cir. 1998). Burns testified that unsatisfactory reviews, counselings, and written warnings were the first steps in the process to terminate plaintiff's employment. Exhibit 2 to Defendant's Motion at 56, 60; Exhibit 4 to Plaintiff's Response at 48-49. Moreover, the written counselings and January 27, 2003 written warning all warned plaintiff that disciplinary action including discharge might follow. *See* Exhibits 1-7, 1-9, 1-10 to Defendant's Response.

In addition, the court finds plaintiff has proffered sufficient direct evidence of age bias to preclude use of the *McDonnell Douglas* burden shifting analysis.[5] If the jury believes the testimony by Liberton and Burns, it can conclude that the reason for plaintiff's unfavorable review, counselings, and warning was his age as Liberton was directed to fire plaintiff

---

[5]Sanders, 544 F.3d at 1106 n.4 (where direct evidence of age discrimination is presented, use of McDonnell Douglas analysis on summary judgment is error).

because of his age and these documents were necessary means to that end. Plaintiff has proffered sufficient evidence that Moch, the person who allegedly directed Liberton to terminate plaintiff because of his age, was a decision-maker and that there was a nexus between her ageist comments and the actions taken against plaintiff. That defendant contends no such directive was given and that ageist comments were not made simply presents a justiciable question for trial. Summary judgment is therefore not warranted.

In sum, Defendant Target Corporation's Motion for Summary Judgment [Doc. #284] is **GRANTED** as to plaintiff's hostile work environment claim but is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE